# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## SOUTHWESTERN DIVISION

RAMONA J. CARNEY, )
                 Plaintiff, )
                 )
v. ) No.06-05050-CV-SW-FJG
                 )
RELIABLE CHEVROLET, et al., )
                 Defendants. )
                 )

## **ORDER**

The Court held a teleconference on March 15, 2007 at 9:00 am to discuss why plaintiff's claims should not be dismissed for failure to prosecute. During the teleconference, plaintiff stated this case should not be dismissed because it would be costly to the parties to re-file the case and plaintiff should be given another chance to resolve this case in mediation. Plaintiff also stated that discovery has been delayed because he has had difficulty with his client as well as the increased workload with his new job. Defendant Reliable Chevrolet responded that this case should be dismissed because mediation would be unsuccessful and discovery still has not taken place. Defendant Bank of America also explained that mediation has not occurred primarily due to plaintiff's schedule and delays.

Prior to the status teleconference, the Court had entered an Order on February 28, 2007 (Doc. No. 24) requesting that plaintiff show cause in writing why plaintiff's claims should not be dismissed for failure to prosecute. Plaintiff responded to the Court's Order on March 9, 2007 (Docs. No. 25-26). In plaintiff's response, plaintiff's counsel requested that the Court: (1) refrain from dismissing this case for failure to prosecute and (2) extend the close of discovery. Plaintiff's counsel gave the same reasons as he did in the teleconference that his new position in working for a governmental agency and his

increased caseload have caused the delays in this matter. (Doc. No. 26-2). Further, plaintiff noted in his response that mediation was rescheduled to take place on April 27, 2007.

In addition, plaintiff's counsel requested in his response that the close of discovery be extended. However, discovery has now closed as the Court set the close of discovery for March 1, 2007 in its July 7, 2006 Scheduling Order (Doc. No. 10).

Upon consideration of plaintiff's responses, the Court determines that Plaintiff's counsel has not shown good cause for his failure to prosecute this case. The Court finds that plaintiff's counsel's increased caseload does not warrant the delays in this case. Rather than making attempts to notify the Court of plaintiff's situation, counsel chose not to act on behalf of his client. To this date, plaintiff's counsel has not initiated discovery for his client nor has plaintiff responded to defendant's discovery. Defendant Reliable Chevrolet submitted its discovery requests to plaintiff on October 23, 2006 and still no response from plaintiff. Further, defendants have made several attempts to move discovery forward through numerous emails, faxes, and phone calls, but plaintiff has been unresponsive. Although plaintiff stated that mediation had finally been rescheduled for April 27, 2007, it took plaintiff months to reschedule this mediation. Mediation was originally scheduled for July 18, 2006. Despite defendants' several attempts to reschedule mediation, plaintiff did not reschedule mediation until recently. The Court cannot allow plaintiff to delay this case any longer. For the foregoing reasons, the Court finds that plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

The Court further finds that plaintiff's request to extend the close of discovery is denied. The Court cannot grant plaintiff's request when discovery has been delayed due

to the neglect of plaintiff's counsel.  Moreover, plaintiff waited to seek extension of the close of discovery nine days after discovery had been closed.  Plaintiff should have requested an extension prior to the close of discovery deadline.  Therefore, plaintiff's request to extend the close of discovery is **DENIED**.


Date:  3/15/07              **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri       Fernando J. Gaitan, Jr.
                            Chief United States District Judge